FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 27 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02302-BNB

EFRAIN RAMIREZ-DELACRUZ,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director of the Colorado Department of Corrections,
and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER TO SHOW CAUSE

Applicant, Efrain Ramirez-Delacruz, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Ramirez-Delacruz has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a Colorado state court conviction. Mr. Ramirez-Delacruz also has filed a "Motion for a Stay of Proceedings and for Leave to Later Amend Application."

The court must construe the application liberally because Mr. Ramirez-Delacruz is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ramirez-Delacruz will be ordered to show cause why the habeas corpus application should not be denied.

Mr. Ramirez-Delacruz alleges that he was convicted in 2004 in the Mesa County District Court and that he was sentenced to thirty-two years in prison. He further alleges that his direct appeal from the judgment of conviction concluded on March 12, 2007, when the Colorado Supreme Court denied his petition for writ of certiorari. Mr. Ramirez-Delacruz also alleges that on October 25, 2007, he filed a postconviction motion that still is pending in the trial court. The court received the instant action for filing on October 29, 2007. Mr. Ramirez-Delacruz asserts four claims for relief.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Ramirez-Delacruz concedes that he has not exhausted state court remedies for the claims he is asserting in this action. However, he asks the court in his "Motion

2

for a Stay of Proceedings and for Leave to Later Amend Application" to stay this action while he exhausts state court remedies in the postconviction proceedings he already has initiated. Mr. Ramirez-Delacruz seeks a stay because he is concerned that his claims will be barred by the one-year limitation period in 28 U.S.C. § 2244(d) by the time he exhausts state court remedies. He cites *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005), in support of his request for a stay. Pursuant to *Rhines*, stay and abeyance is appropriate only if Mr. Ramirez-Delacruz demonstrates good cause for his failure to exhaust his claims first in state court. *See id.* at 277.

The request for a stay will be denied. Mr. Ramirez-Delacruz fails to demonstrate good cause for his failure to exhaust state court remedies prior to initiating this action. Furthermore, pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled while a properly filed postconviction motion is pending in state court. As a result, the postconviction motion Mr. Ramirez-Delacruz alleges is pending in state court, assuming it is properly filed, will toll the one-year limitation period until the postconviction proceedings have concluded.

For these reasons, Mr. Ramirez-Delacruz will be ordered to show cause why the application should not be denied for failure to exhaust state remedies. Accordingly, it is

ORDERED that Mr. Ramirez-Delacruz show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order. It is

FURTHER ORDERED that if Mr. Ramirez-Delacruz fails to show cause to the court's satisfaction within the time allowed, the habeas corpus application will be denied

3

and the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for a Stay of Proceedings and for Leave to Later Amend Application" filed on November 1, 2007, is denied.

DATED November 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02302-BNB

Efrain Ramirez-Delacruz
Reg. No. 93548
Sterling Correctional Facility
PO Box 6000
Unit 4C
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/27/07.

GREGORY C. LANGHAM, CLERK

By: _Angie_
    Deputy Clerk